**XIAO RONG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–4057–ag.**

United States Court of Appeals,
Second Circuit.

June 26, 2007.

Joan Xie, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, James Y. Garrett, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Rong Chen, a native and citizen of the People's Republic of China, seeks review of an August 1, 2006 order of the BIA denying her motion to reopen removal proceedings. *In re Xiao Rong Chen*, No. A75 726 114 (B.I.A. Aug. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Chen did not file a petition for review of the BIA's March 2006 decision affirming the IJ's denial of asylum, withholding, and Convention Against Torture relief, so this Court does not have jurisdiction to address the merits of those claims. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (a petition for review of a final order of removal and a petition for review of the denial of a motion to reopen involve "two separate petitions filed to review two separate final orders"); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 164 (2d Cir.2004) (noting that a petition for review of a decision denying asylum and one of a denial of a motion each raise "a distinct set of issues").

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S.*

*Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted)

■ In her petition to review the denial of her motion to reopen, Chen argues that the BIA and IJ failed to review factual evidence that supported her claims and did not thoroughly consider her claim for CAT relief. These arguments, however, go to her underlying claims for asylum, withholding of removal and CAT relief. They are unrelated to her motion to reopen. Because Chen has presented no such argument is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005). Even if Chen had presented arguments relevant to the BIA's denial of her motion to reopen, the challenge would likely fail on the merits because the record does not suggest that the BIA abused its discretion. *See Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).